IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| EDMUND M. ABORDO, #A0080735, ) | CIV. NO. 12-00686 SOM/BMK |
| ) | |
| Plaintiff, ) | |
| ) | TRANSFER ORDER |
| vs. ) | |
| ) | |
| SHARI KIMOTO, HEATHER KIMURA, ) | |
| CORRECTIONS CORPORATION OF   ) | |
| AMERICA, BEN GRIEGO, C.      ) | |
| ALLEN, C. TRENT.             ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

### TRANSFER ORDER

Plaintiff Edmund M. Abordo is a Hawaii prisoner incarcerated at the Saguaro Correctional Center ("SCC"), located in Eloy, Arizona. On December 18, 2012, Defendants removed Abordo's state court action to this court pursuant to 28 U.S.C. § 1441(c).[1] ECF No. 1. For the following reasons, the court TRANSFERS this action to the United States District Court for the District of Arizona pursuant to 28 U.S.C. § 1404(a).

### I.   BACKGROUND

Abordo commenced this action on or about May 14, 2012, in the First Circuit Court, State of Hawaii, by filing an "HRPP Rule 40(c)(2)(3) Nonconforming [Petition] and Separate Cause of Action." Compl., ECF No. 1-1. On November 27, 2012, the state

---

[1] Abordo names the Hawaii Department of Public Safety's ("DPS") Mainland Branch Administrator Shari Kimoto, DPS Contract Monitor Heather Kimura, the Corrections Corporation of America ("CCA"), SCC Assistant Warden Ben Griego, and SCC Librarians C. Allen, and C. Trent as Defendants.

circuit court served the Nonconforming Petition on Defendants' representative, the Attorney General of the State of Hawaii. ECF #1-2 PageID #20. On December 18, 2012, Defendants timely removed the matter from state court pursuant to 28 U.S.C. § 1446(b). *See* ECF No. 1.

Abordo says that, on or about March 29, 2012, he requested copies of some materials from SCC Librarians Allen and Trent. They referred his request to Assistant Warden Griego. Griego denied the request, confiscated the documents, charged Abordo with a rule infraction, and sanctioned him. Abordo claims Allen, Trent, and Griego did this at the direction of DPS Defendants Kimoto and Kimura, who were allegedly retaliating against him for having filed civil suits against DPS and SCC officials. Abordo alleges that Defendants' actions violated the First and Eighth Amendments; he seeks injunctive relief and damages.

## II. **REMOVAL WAS PROPER**

A defendant may remove any civil action brought in state court over which the federal court would have original jurisdiction. 28 U.S.C. § 1441(a). That is, a civil action that could have originally been brought in federal court may be removed from state to federal court. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). A federal court has original jurisdiction "of all civil actions arising under the

Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Further, a federal court may exercise supplemental jurisdiction over closely related state law claims. *See* 28 U.S.C. § 1367(c).

Because Abordo alleges Defendants violated the United States Constitution, subject matter jurisdiction is proper in federal court. *See* 28 U.S.C. §§ 1441, 1442. Defendants timely removed the action from state court within thirty days of service. 28 U.S.C. § 1446(b). Removal was therefore proper.

### III.   TRANSFER UNDER 28 U.S.C. § 1404(a)

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The purpose of § 1404(a) is to "prevent the waste of time, energy, and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense." *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964) (internal citations and quotation omitted); *Kawamoto v. CB Richard Ellis, Inc.*, 225 F. Supp. 2d 1209, 1213 (D. Haw. 2002).

A decision to transfer lies within the broad discretion of the district court and is determined on an individualized basis. *See Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498 (9th Cir. 2000). A court therefore has the power to order a

transfer under § 1404(a) *sua sponte*. *Tazoe v. Airbus S.A.S.*, 631 F.3d 1321, 1336 (11th Cir. 2011) (holding that a district court may *sua sponte* transfer a civil action to any other district where it might have been brought if doing so will be convenient for the parties and witnesses and serve the interest of justice); *see also Panchias v. Bullock*, 2012 WL 5425393, at *3 (E.D. Cal. Nov. 5, 2012) (*sua sponte* transfer of removed action); *Hurt v. Unit 32*, 2012 WL 5269910, at *1 (N.D. Cal. Oct. 24, 2012) (transferring *sua sponte* pursuant to § 1404(a)). The removal of a case to the federal district court has no bearing on the change of venue provisions of § 1404, and removed actions may be transferred pursuant to that statute as though they had been brought in the federal court originally. *Heft v. AAI Corp.*, 355 F. Supp. 2d 757, 772-73 (M.D. Pa. 2005).

**A.        28 U.S.C. § 1404(a) Factors**

The court should weigh relevant public and private factors to determine whether to transfer a case pursuant to § 1404(a), including: (1) the plaintiff's choice of forum; (2) the contacts between the chosen forum and the plaintiff's cause of action, and the feasibility of consolidation with other claims;  (3) the convenience of the parties and witnesses; (4) the ease of access to the evidence; (5) any differences in the costs of litigation in the two forums; (6) the local interest in the controversy; (7) the familiarity of each forum with the

applicable law; and (8) relative court congestion and the time to trial in each forum.  *See Williams v. Bowman*, 157 F. Supp. 2d 1103, 1106 (N.D. Cal. 2001); *see also Jones*, 211 F.3d at 498-99 (adding other considerations specific to its facts, including where relevant agreements were negotiated and executed).

**B.      Analysis**

The court first looks at Abordo's choice of forum. There is usually a strong presumption in favor of a plaintiff's choice of forum.  *See Creative Tech., Ltd. v. Aztech Sys.*, 61 F.3d 696, 703 (9th Cir. 1995).  However, when a plaintiff does not reside in the forum, that choice is given considerably less weight.  *See* Schwarzer et al., Fed. Civ. P. Before Trial § 4:761 (2008) (citing *New Image, Inc. v. Travelers Indem. Co.*, 536 F. Supp. 58, 59 (E.D. Pa. 1981); *Bryant v. ITT Corp.*, 48 F. Supp. 2d 829, 832 (N.D. Ill. 1999)); *see also Sweet-Reddy v. Vons Cos.*, 2007 WL 841792, at *2 (N.D. Cal. Mar. 20, 2007) (finding that deference to plaintiff's choice of forum is diminished when plaintiff does not reside in chosen forum and none of events alleged in complaint occurred there).  Abordo is incarcerated in Arizona, and his choice of forum should accordingly be given less weight.

Second, the majority of events giving rise to Abordo's claims occurred in Arizona.  That is, the actions that allegedly violated the First and Eighth Amendments, including SCC

5

officials' alleged refusal to copy documents for Abordo, rescission of his law library privileges, and issuance of sanctions against him, all occurred in Arizona.  Other than Abordo's status as a Hawaii inmate incarcerated in Arizona and his conclusory allegations that Hawaii DPS and Arizona SCC officials conspired to retaliate against him, there are no significant connections between his claims and Hawaii.  These factors strongly support transfer to Arizona.

Third, the convenience of the parties and witnesses favors transfer to Arizona.  Abordo is in Arizona, as are Defendants Trent, Allen, and Griego, who have no apparent contacts with Hawaii beyond their employer SCC's subsidiary status with CCA.[2]  Litigating in Arizona is obviously more convenient for them.  This court also lacks subpoena power over nonparty SCC employees and inmates in Arizona who may be unwilling to be called as witnesses.

Fourth, the costs of litigating this case in Hawaii favor transfer.  If this case proceeds to trial, the State of Hawaii will be forced to bear the expense of transporting Abordo to and from Hawaii, with the attendant costs for his supervision during the transfer and while he remains in Hawaii.  The costs to Defendants of defending this suit in Hawaii will also be

---

[2] CCA is a Maryland Corporation that contracts with the State of Hawaii to house Hawaii inmates at SCC.

significant, including transportation, lodging, and lost wages for Griego, Trent, and Allen.  Although Kimoto and Kimura are in Hawaii, Abordo provides no facts to support his conclusion that they directed Griego to retaliate against him for having filed previous lawsuits.  Abordo appears to have named them simply to lay venue in the Hawaii state court.[3]  Even if Kimoto and Kimura remain Defendants after screening under 28 U.S.C. § 1915(e),[4] which appears unlikely, the cost of their travel to and from Arizona may well be less than the cost of transporting Plaintiff under guard to and from Hawaii.  Defendants paid the federal filing fee when they removed this action, and any other trial costs incurred by Abordo will be the same in either federal district court.

Fifth, the evidence supporting Abordo's claims, such as SCC's law library records, Abordo's SCC institutional records, and Griego's, Trent's, and Allen's employment records, as well as possible nonparty witnesses, are located in Arizona.  Thus, most of the information in support of and against Abordo's allegations is in Arizona.  This suggests that the expense of conducting

---

[3] Abordo has accrued three strikes pursuant to 28 U.S.C. § 1915(g).  *See Abordo v. Corr. Corp. of America*, 2:11-cv-01367 (D. Ariz.) (detailing Abordo's previous three strikes).  Because he does not allege imminent danger of serious physical injury, he may not commence this suit *in forma pauperis* in the Arizona or Hawaii federal court.

[4] The court leaves screening of the Complaint pursuant to 28 U.S.C. § 1915(e) to the transferee court.

discovery will be less in Arizona if the case is transferred. These factors strongly favor transfer to Arizona.

Finally, the last three factors, (the local interest in the controversy, familiarity of each forum with the governing law, and court congestion) are either neutral or, at best, weigh only slightly against transfer.  There is no evidence that the District of Hawaii is more favorable than the District of Arizona for resolution of Abordo's claims.  To the contrary, if one court has a stronger interest in the controversy, it is the District of Arizona, which is the site of SCC and several other prisons owned and operated by CCA.  The events giving rise to Abordo's claims took place in Arizona, and Arizona's local interest in the controversy is therefore stronger.  Abordo's federal constitutional claims are familiar to the federal courts in both Arizona and Hawaii, and he raises no state-law claims.  While Arizona's considerable prisoner and immigration caseload may admittedly weigh against transfer, there is no evidence before this court that court congestion in Arizona will so delay consideration of Abordo's claims as to prejudice him.

Deference to Abordo's choice of forum is limited by the fact that he is incarcerated in Arizona.  Litigating this suit in Arizona would be substantially more convenient for the witnesses and both parties.  Transfer of venue to the District of Arizona

therefore serves the convenience of the parties and witnesses and promotes the interests of justice.

### III.  CONCLUSION

This action is TRANSFERRED to the United States District Court for the District of Arizona.  The Clerk of Court is DIRECTED to close the file in this District and send any pending motions or further documents received from Abordo to the United States District Court for the District of Arizona.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, December 26, 2012.



/s/ Susan Oki Mollway
Susan Oki Mollway
Chief United States District Judge

*Abordo v. Kimoto, et al*, 1:12-cv-00686 SOM-BMK, Transfer Order; G:\docs\prose attys\Trsfr, Venue, Remand\2012\Abordo, 12-686 som (sua sponte chg ven. removl act).wpd