IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

EDMUND D. ABORDO,            )    NO. 1:12-cv-00686 SOM/BMK
                            )
             Plaintiff,      )
                            )    ORDER DENYING MOTION TO STAY OR
     vs.                     )    FOR RECONSIDERATION
                            )
D.P.S., et al.,             )
                            )
             Defendants.     )
_____ )

### ORDER DENYING MOTION TO STAY OR FOR RECONSIDERATION

On December 26, 2012, the court ordered this action transferred to the United States District Court for the District of Arizona.  ECF #6.  Before the court is Plaintiff's Motion to Stay.  ECF #9.  Plaintiff alleges that Defendants have moved him to punitive segregation for assisting another inmate in preparing a petition for writ of habeas corpus.  *See id.*  Plaintiff asserts that this is part of the same course of retaliatory conduct set forth in his Complaint, allegedly taken against him because he has filed lawsuits against prison officials.  Plaintiff moves for an order releasing him from segregation, and/or from custody, or for a stay of the action until his scheduled release from prison on April 21, 2013.  Plaintiff's Motion is DENIED.

### I. DISCUSSION

Although this case has been transferred to the District of Arizona, it has not been docketed in Arizona yet.  This court therefore retains jurisdiction to rule on the Motion.  *See Terenkian v. Republic of Iraq*, --- F.3d ----, 2013 WL 28578 *2

(9th Cir. Jan. 03, 2013); *see Lou v. Belzberg*, 834 F.2d 730, 733 (9th Cir. 1987) (adopting "the docketing date as the time of effective transfer").  Nonetheless, Plaintiff provides no reason for *this* court, rather than the District of Arizona, to determine whether amendment of the transferred Complaint to allege this new claim should be allowed.  As with the original claims, venue for this new claim, which occurred or is occurring in Arizona, lies in the District of Arizona and is better left to that court to resolve.

To the extent Plaintiff is seeking reconsideration of the transfer Order, the Motion is also DENIED.  A successful motion for reconsideration must demonstrate some reason that the court should reconsider its prior decision and set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision.  *White v. Sabatino*, 424 F. Supp. 2d 1271, 1274 (D. Haw. 2006).  Three grounds justify reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice.  *Id.* (citing *Mustafa v. Clark County Sch. Dist.*, 157 F.3d 1169, 1178-79 (9th Cir. 1998)).  Local Rule LR60.1 for the District of Hawaii implements these standards for reconsideration of interlocutory orders.

"[A] motion for reconsideration should not be granted, absent highly unusual circumstances."  *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003) (citation omitted).

The court, having reviewed the Order transferring this case and Plaintiff's Motion, discerns no reason to reconsider the transfer Order.   Plaintiff presents no newly discovered evidence, intervening change in the controlling law, or manifest error in the decision to transfer this action to Arizona.   Plaintiff's Motion to Stay the Proceedings and/or Reconsider is DENIED. The Clerk is DIRECTED to transfer this action immediately to the United States District Court for the District of Arizona.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, January 15, 2013.



  /s/ Susan Oki Mollway
Susan Oki Mollway
Chief United States District Judge

*Abordo v. D.P.S., et al.,* 1:12-cv-00686 SOM/BMK; Order Denying Motion to Stay or for Reconsideration; G:\docs\joni\000 CMECF.emailed for filing\2013 emailed for filing\01.15.13  Abordo 12-686 som (dny stay, dny recon).wpd